UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brent Gunter, Michael Huston,
and Justin Piper,

      Plaintiffs,

v.                                                        Civil No. 09-3016 (JNE/SRN)
                                                        ORDER

Rudder Capital Corporation and
Rudder Digital, Inc.,

      Defendants.

This is an action brought under the Fair Labor Standards Act (FLSA). It is before the Court on a motion for default judgment filed by Plaintiffs Brent Gunter and Michael Huston ("Movants"). Defendants have not answered the Complaint or the Amended Complaint, have not responded to the motion for default judgment, and did not appear at the hearing. For the reasons stated below, the Court concludes that Movants incorrectly calculated their damages, awards damages to Movants based on a proper calculation, and awards attorney fees to Movants.

## I. BACKGROUND

Gunter brought this action under the FLSA on October 28, 2009. The parties stipulated to, and the magistrate judge granted, an extension of time to answer on November 20, 2009. The Clerk of the Court entered Defendants' default on December 29, 2009, and Gunter filed a first motion for default judgment on February 18, 2010. That motion was withdrawn. On March 3, 2010, Gunter moved to amend the complaint to add Huston and Justin Piper[1] as plaintiffs and to

---

[1] In the motion brief, Movants' counsel indicated that Piper is not "taking part" in the motion and that Movants' counsel would be filing a motion to withdraw from representing Piper. On August 16, 2010, Movants' counsel filed the motion to withdraw, which the magistrate judge granted on August 30, 2010. Since then, no attorney has filed an appearance on behalf of Piper, and the Court has ordered Piper to show cause why his claims should not be dismissed for failure to prosecute.

clarify the allegations that Defendants are employers covered by the FLSA. The magistrate judge granted the motion to amend on April 19, 2010. The Clerk entered Defendants' default for a second time on May 18, 2010, and Movants filed a second motion for default judgment on July 29, 2010. On September 9, 2010, the Court held a hearing on the motion for default judgment. At the hearing, the Court questioned Movants' damages calculation and their affidavit of fees and costs. On September 15, 2010, Movants submitted, at the Court's invitation, a supplemental memorandum of law concerning their damages calculation and an amended affidavit of fees. Movants did not amend their claimed costs.

## II. ANALYSIS

**A.    Damages calculation**

Movants assert that Defendants violated the FLSA by failing to pay them at an overtime rate for hours worked in excess of 40 hours per week. To calculate the amount of unpaid wages, Movants suggest a three step calculation: (1) the "regular rate" is calculated by dividing average weekly compensation by average weekly hours worked; (2) the overtime rate is calculated by multiplying the regular rate by 1.5; and (3) unpaid wages are calculated by multiplying the number of overtime hours worked by the overtime rate. Movants also argue that they are entitled to double damages under the FLSA's liquidated damages provision.

Movants' calculation is flawed because it would compensate overtime hours at two and a half times the regular rate rather than one and a half times the regular rate. Movants acknowledge that they were paid on a fixed "piece-rate" basis. (Mot. Br. 4.) The federal regulations give the correct method of calculating under compensation of overtime hours for piece-rate employees:

> When an employee is employed on a piece-rate basis, his regular hourly rate of
> pay is computed by adding together his total earnings for the workweek from

> piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions): This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For his overtime work the piece-worker is entitled to be paid, in addition to his total weekly earnings at this regular rate for all hours worked, a sum equivalent to *one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week*. Only additional half-time pay is required in such cases where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked.

29 C.F.R. § 778.111(a) (2010) (emphasis added). Accordingly, because each Movant was already compensated at the regular rate for his overtime hours, he is entitled to only "a sum equivalent to one-half [of his] regular rate of pay multiplied by the number of hours worked in excess of 40 in the week." *Id.*

Movants argue that they are entitled to an additional time-and-a-half compensation for their overtime hours because "there was no agreement or understanding that the piece rates earned by Plaintiffs were intended as compensation for all hours worked, including both productive and non-productive hours." (Supplemental Mem. 4.) The argument is difficult to understand, but appears to be based on § 778.111(a)'s language that "[o]nly additional half-time pay is required in such cases where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked." Movants allege that they did not "receive[] . . . compensation . . . for all hours worked" because there was no agreement that the piece-rate compensation was intended to cover non-productive hours, such as travel and down time. And so, according to Movants, because they did not "receive[] . . . compensation . . . for all hours worked" they are entitled to something more than "additional half-time pay" for their overtime hours. Movants argument is easily rejected because it conflates two violations of the FLSA: under compensation of overtime hours and no compensation for non-productive hours. Employees, certainly, must be compensated for non-productive work

3

hours.  *See* 29 C.F.R. § 778.318(c).  But the remedy for unpaid non-productive hours is compensation for those non-productive hours—it is not over compensation for overtime hours.

Movants were already compensated at the regular rate for their overtime hours, so they are entitled to "a sum equivalent to one-half [of their] regular rate of pay multiplied by the number of hours worked in excess of 40 in the week."  § 778.111(a).  For Gunter, this is one-half multiplied by his regular rate of $12.89,[2] multiplied by 889.35, the number of overtime hours that he worked, equaling $5731.86.  (*See* Decl. of Robert Schug 1-2.)  For Huston this is one-half multiplied by his regular rate of $4.96 multiplied by 1132.25, the number of overtime hours that he worked, equaling $2807.98.  (*See id.*)

Movants' argument for double damages is well supported.  Under the FLSA, an employer who fails to pay the overtime rate to its employees will be liable for the unpaid wages and "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) (2006).  Liquidated damages under the FLSA are not punitive but rather compensate for the delay in receiving wages.  *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941 (8th Cir. 2008).  Liquidated damages are mandatory unless the employer can demonstrate good faith and reasonableness.  *Id.* "The employer bears the burden of proving both good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception."  *Id.* at 942 (citations and internal quotation marks omitted).  Because Defendants have defaulted here,

---

[2]  The Court calculates the regular rate as suggested by Movants, by dividing average weekly pay by the average number of hours worked per week.  Movants' claim of uncompensated non-productive hours, however, might allow a different calculation.  If Movants' claim were well founded, then they would be entitled to minimum-wage compensation for the uncompensated, non-productive hours.  The regular rate would then be the weighted average of two rates: the piece rate calculated from productive hours and the minimum wage rate for non-productive hours.  *See* 29 C.F.R. § 778.318(b).  But because Movants do not breakdown how many non-productive and productive hours were worked, this calculation is impossible, and the Court uses the regular rates suggested by Movants.

they have not met their burden of showing good faith and reasonableness; liquidated damages are appropriate. Gunter and Huston are therefore entitled to damages totaling $11,463.72 and $5615.96, respectively.

**B.    Attorney fees**

Movants also ask for attorney fees pursuant to 29 U.S.C. § 216(b). At the September 9, 2010, hearing, the Court expressed concern over Movants' affidavit of fees and costs, particularly because it included fees associated with discovery work even though Defendants never answered the Complaint or Amended Complaint. Movants offered to amend their affidavit of fees and costs. Movants submitted an amended affidavit of fees but did not submit an amended affidavit of costs. Because the affidavit of costs does not describe the tasks for which the costs were incurred, the Court cannot discern which costs are recoverable and which are not. Thus, Movants have failed to meet their burden of demonstrating that the costs in their affidavit are reasonable. Movants, however, describe the fees in detail, and, in their amended affidavit of fees, they eliminated fees related to discovery, those incurred by certain attorneys, and those related to amending the Complaint. On consideration of the lodestar amount and the factors listed in *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983), and *Zoll v. Eastern Allamakee Community School District*, 588 F.2d 246, 252 n.11 (8th Cir. 1978), the Court concludes that Movants' claim of $21,460.00 in fees is reasonable.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs Gunter and Huston's motion for default judgment [Docket No. 29] is granted in part and denied in part.

2. Damages in the amount of $11,463.72 are awarded in favor of Gunter against Defendants.

3. Damages in the amount of $5615.96 are awarded in favor of Huston against Defendants.

4. Movants are awarded attorney fees in the amount of $21,460.00 against Defendants.

Dated: October 14, 2010

                                                    s/ Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge